UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

VERNA S. AGE,

     Petitioner

                               CRIMINAL ACTION

VERSUS

                               NO. 11-105-JJB-EWD

UNITED STATES OF AMERICA,

     Respondent

## RULING

This matter is before the Court on a Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. 536) brought by the petitioner, Verna S. Age. The respondent, the United States of America (the "Government"), filed a response (Doc. 552). Oral argument is unnecessary. For the reasons stated herein, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. 536) is **DENIED**.

I.     BACKGROUND

On August 31, 2011, Verna Age ("petitioner"), Louis Age ("Mr. Age"), Ayanna Alverez ("Ms. Alverez"), and others were indicted for a fraud scheme related to home health care services purportedly provided by South Louisiana Home Health Care, Inc. ("SLHHC"). *Indictment*, Doc. 1. The petitioner was indicted for various crimes in counts one through three of the indictment. *See id.*; *Superseding Indictment*, Doc. 63. On August 23, 2012, the petitioner pleaded not guilty to all counts pending against her. Doc. 98. The petitioner proceeded to trial on October 1, 2012, where she was represented by attorney Rudy Gorrell ("Mr. Gorrell"). Doc. 143. After a five day trial, the jury could not reach a verdict against the petitioner as to count one, convicted the petitioner on count two, and acquitted the petitioner on count three.

1

After the first trial, Mr. Age's[1] attorney, James A. Gray, filed a motion to withdraw, and attorney Hilliard C. Fazande ("Fazande") moved to enroll as Mr. Age's counsel. Docs. 176 & 183. On January 9, 2013, the Court conducted an evidentiary hearing on the motions—the Court granted the motion to withdraw and denied Fazande's motion to enroll.[2] Doc. 195.

Meanwhile, the petitioner also sought a change in counsel. Mr. Gorrell filed a motion to withdraw, and attorney Ernest Jones ("Mr. Jones") moved to enroll as the petitioner's counsel. Docs. 185 & 220. In his motion to enroll, Mr. Jones noted that (1) he was chosen by the petitioner "as her desired counsel in the upcoming trial;" (2) he had "been actively involved in trial preparation with the parties since January 9, 2013;" (3) he had a copy of "everything submitted" in the case; and (4) that he "intend[e]d to adopt and join in all of the pretrial pleadings and motions" of Mr. Age's counsel. Doc. 220.

The petitioner was retried on March 22, 2013; after a five-day trial, the jury found the petitioner guilty on count one. *Jury Verdict*, Doc. 249. On August 15, 2013, the Court sentenced the petitioner to 60 months' imprisonment. Doc. 343.

The petitioner appealed her conviction to the Fifth Circuit on several grounds, including: (1) The petitioner was deprived of effective assistance of counsel in her defense by the district court's exclusion of attorney Mr. Fazande from participation and communication with the defense; and (2) Prosecutorial misconduct. *United States v. Age*, 614 F. App'x 141 (5th Cir. 2015) (per curiam). On June 5, 2015, the Fifth Circuit affirmed the petitioner's conviction. *Id.* at 144–45. Thereafter, the petitioner filed the present motion (Doc. 536).

---

[1] Mr. Age is the petitioner's former husband, as well as a co-defendant in this suit.
[2] Attorney Michael W. Hill subsequently enrolled as counsel for Mr. Age.

**II.     28 U.S.C. § 2255**

Under 28 U.S.C. § 2255(a), a federal prisoner may file a motion to vacate, set aside, or correct his sentence on the "ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." According to the Fifth Circuit, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on a direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Acklen*, 47 F.3d 739, 741 (5th Cir. 1995).

**III.     DISCUSSION**

The petitioner's motion sets forth several allegations to support her claim for relief under § 2255. *See Pet'r's Supp. Mem.*, Doc. 536-1.

**A.     The Petitioner's Alleged Grounds for Relief**

**1.     *Ineffective Assistance of Counsel – Mr. Gorrell***

According to the petitioner, Mr. Gorrell provided ineffective assistance of counsel during her original trial because he was "completely blindsided" by Ms. Alverez's change in plea and was, therefore, "totally unprepared to refute or disprove via witnesses any testimony given by Alverez." *Id.* at 5. The petitioner argues that Mr. Gorrell's counsel was constitutionally deficient because, despite this change of plea shortly before the trial, Mr. Gorrell did not request more time to prepare for trial. *Id.* Additionally, the petitioner argues that Mr. Gorrell failed to file pre-trial motions, was notified of possible jury misconduct but took no action, and appealed the wrong statute to the Fifth Circuit. *Id.* at 5–6.

3

2.     *Ineffective Assistance of Counsel – Mr. Fazande*

The petitioner argues that she was denied effective assistance of counsel when this Court removed Mr. Fazande as Mr. Age's counsel. *Id.* at 6–7. Specifically, the petitioner argues that removing Mr. Fazande rendered her attorney, Mr. Jones, "totally unprepared to enter a trial of this magnitude[.]" *Id.* at 7. According to the petitioner, Mr. Jones only agreed to enroll as her counsel because Mr. Fazande would be available to assist him—"From the outset, Mr. Jones indicated that there was no way he could give competent representation without the assistance of Mr. Fazande." *Id.* at 6.

3.     *Ineffective Assistance of Counsel – Mr. Jones*

The petitioner claims that Mr. Jones provided ineffective assistance of counsel during her retrial for several reasons. First, as discussed above, the petitioner alleges that Mr. Jones' counsel was rendered ineffective due to this Court's disqualification of Mr. Fazande. Second, the petitioner alleges that Mr. Jones' counsel was ineffective because he violated ABA Standard 4-1.2(b)[3] by failing to withdraw as counsel when Mr. Fazande was disqualified. *Id.* at 8–9 (citing *Strickland v. Washington*, 466 U.S. 668, 709 n.3 (1984) (discussing decisions which rely on ABA standards to determine ineffective assistance of counsel)). Specifically, Mr. Jones should have known that he would not have enough time to prepare for the trial without the assistance of Mr. Fazande. *Id.* To support this argument, the petitioner claims that Mr. Jones interviewed no witnesses for the trial, and that interviewing such witnesses would have changed the outcome of the trial. *Id.* at 9–10. Additionally, the petitioner claims that Mr. Jones did not file pre-trial motions, call experts retained by Mr. Fazande, or impeach Ms. Alverez and other Government witnesses.

---

[3] Under ABA Standard 4-1.2(b), defense counsel has a duty "to serve as the accused's counselor and advocate with courage and devotion and to render effective, quality representation."

4

*Id.* at 10–12. Finally, the petitioner claims that Mr. Jones refused to allow her to testify at the retrial. *Id.*

The petitioner also argues that Mr. Jones' counsel was ineffective during sentencing because he failed to object to the Government's use of $ 17.1 million as the loss amount to be attributed to the petitioner. *Id.* at 13. Specifically, the petitioner claims that Mr. Jones failed to "demonstrate that the government could not satisfy its burden of proof where the evidence would have shown that clients of SLHHC were afforded treatment and other services" during the relevant time period, thus decreasing the loss amount. *Id.*

### 4.    *Prosecutorial Misconduct – Giglio Violation*

Finally, the petitioner argues that the Government engaged in prosecutorial misconduct: "The government violated *Giglio* by failing to disclose the impeachable material showing that [Dr. Kirkpatrick] had been indicted in a separate case that likely involved other government witnesses from this case." *Id.* at 14; *see Giglio v. United States*, 405 U.S. 150 (1972). According to the petitioner, because this case relied heavily on the credibility of the Government's witnesses, such information would have discredited those witnesses and resulted in the petitioner's acquittal. *Id.*

### B.    Procedural Bar to Relief

### 1.    *Issues Raised on Appeal*

A petitioner is procedurally barred from relief under § 2255 for issues that were raised or could have been raised on direct appeal of the underlying conviction. It is well settled in the Fifth Circuit that "issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citation omitted); *see United States v. Fields*, 761 F.3d 443, 466 (5th Cir. 2014)

(barring § 2255 relief from claims decided on direct appeal). Although a § 2255 motion is generally a proper avenue for claims of ineffective assistance of counsel, it does not change the settled law in the Fifth Circuit regarding issues previously raised and decided on appeal. *See Massaro v. United States*, 538 U.S. 500, 508 (2003).

In this case, the petitioner timely appealed her conviction to the Fifth Circuit arguing that the "district court violated [her] rights to effective representation by improperly barring communication with Hilliard Fazande II[.]" *Br. of Appellant*, *United States v. Age*, 614 F. App'x 144 (5th Cir. 2015) (No. 13-30033), 2014 WL 4386619, at *9, 13; *see Pet'r's Supp. Mem.* 3, Doc. 536-1 (discussing petitioner's claims on appeal). As is argued in the present motion, the petitioner argued to the Fifth Circuit that because Mr. Fazande was prevented from assisting Mr. Jones, she was denied effective counsel. *Compare Pet'r's Supp. Mem.* 6–7, *with Br. of Appellant*, 2014 WL 4386619, at *10–13. The Fifth Circuit rejected this argument as "meritless," and held that the district court did not err in disqualifying Mr. Fazande as Mr. Age's counsel. *Age*, 614 F. App'x at 144–45. The Fifth Circuit also noted that the petitioner had "no standing to challenge Mr. Fazande's disqualification, as the Sixth Amendment right to counsel is 'personal to [Mr. Age].'" *Id.* at 145.

Additionally, the petitioner's claim for prosecutorial misconduct was timely raised in her Fifth Circuit appeal. *Br. of Appellant*, 2014 WL 4386619, at *17–18. The Fifth Circuit rejected this claim. *Age*, 614 F. App'x at 144 n.3.[4]

---

[4] According to the Fifth Circuit, the petitioner's claims of prosecutorial misconduct were waived because she failed to raise them at the district court. *United States v. Age*, 614 F. App'x 141, 144 n.3 (5th Cir. 2015).

Because the claims relating to Mr. Fazande's disqualification and prosecutorial misconduct were raised and decided on appeal, the petitioner is barred from bringing such claims in the present motion. *See Kalish*, 780 F.2d at 508.

## C.    Ineffective Assistance of Counsel

Generally, a claim for ineffective assistance of counsel may be raised in a § 2255 motion because this claim "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegation." *United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir. 1987) (citations omitted). To succeed on a claim for ineffective assistance of counsel, the petitioner must demonstrate that: (1) "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the range of professionally competent assistance;" and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 690, 694.

To prove that counsel acted outside the range of competent assistance, under the first prong of *Strickland*, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88. There is a "strong presumption" that an attorney's representation is reasonable and, therefore, evaluation of counsel's actions must be "highly deferential." *Id.* at 689; *see Clark v. Thaler*, 673 F.3d 410, 418 (5th Cir. 2012). When evaluating counsel's actions, the Court reviews the entire course of representation; a few isolated shortcomings will not render counsel's assistance ineffective. *See Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). Finally, a Court should consider that counsel's actions may have been sound trial strategy at the time. *United States v. Culverhouse*, 507 F.3d 888, 897–98 (5th Cir. 2007).

A "reasonable probability," under the second *Strickland* prong, is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To satisfy this prong, the defendant must also demonstrate that "the result of the proceeding was fundamentally unfair or unreliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993).

In this case, for the reasons stated in the Government's response (Doc. 552), the petitioner has failed to demonstrate a claim for ineffective assistance of counsel. The Court has reviewed the trial record and, considering the strong presumption in favor of competence, finds that Mr. Gorrell's and Mr. Jones' representation was within the range of reasonably competent representation. Moreover, some of the petitioner's allegations of incompetence were choices within counsel's trial strategy discretion.

Alternatively, even if either attorney's representation was not competent, the petitioner failed to demonstrate that the outcome would have been different. The Court agrees with the Government that the petitioner was convicted on overwhelming evidence, and does not believe that the potential issues identified by the petitioner indicate that the conviction was unfair or unreliable. Moreover, the undersigned observed both of the petitioner's trials and did not observe any instances of ineffective assistance of counsel.

## IV.   CONCLUSION

For the reasons stated above, the petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. 536) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 12, 2016.

_____
**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

8